**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JAMES CLAYTON SOLOMON,

      Defendant - Appellant.

No. 99-7086
(D.C. No. 99-CR-8-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Defendant-Appellant James Clayton Solomon appeals from his conviction

of conspiracy to distribute methamphetamine, 21 U.S.C. § 846. He was sentenced

to 84 months imprisonment, followed by five years supervised release.

By way of an Anders brief, Anders v. State of California, 386 U.S. 738 (1967),

filed by counsel on appeal, see 10th Cir. R. 46.4(B), Mr. Solomon claims: (1) lack

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

of district court jurisdiction; (2) improper application of the firearm enhancement; and (3) ineffective assistance of counsel.

The lack of jurisdiction argument is without merit. 18 U.S.C. § 3231 grants district courts of the United States original jurisdiction over "all offenses against the laws of the United States." Mr. Solomon was charged with violating a law of the United States, specifically 21 U.S.C. § 846, and jurisdiction was proper. See generally United States v. Collins, 920 F.2d 619, 629-30 (10th Cir. 1990) (holding that similar lack of jurisdiction argument in criminal tax proceeding was meritless).

Mr. Solomon challenges a two-point enhancement he received under U.S.S.G. 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). He claims that the evidence was insufficient to demonstrate that he "possessed" any firearms. Application Note 3 to U.S.S.G. § 2D1.1 states the relevant standard for applying the enhancement: "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

We review the district court's factual findings under § 2D1.1 under the clearly erroneous standard; legal questions are reviewed de novo. See United States v. Vaziri, 164 F.3d 556, 568 (10th Cir. 1999). The evidence supporting the enhancement is overwhelming. An assortment of ten firearms were found in Mr.

Solomon's apartment, along with a large number of items used in the manufacture of methamphetamine (i.e. pseudoephedrine tablets, glassware, etc.). Two of these firearms were stolen and several were loaded. Moreover, at the time of arrest, Mr. Solomon was carrying pseudoephedrine on his person and a loaded .38 caliber revolver was discovered under the seat of his vehicle. There was no error in applying the enhancement.

Finally, Mr. Solomon alleges that his trial counsel was constitutionally ineffective. "We will not consider this argument. Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Wiseman, 172 F.3d 1196, 1207 (10th Cir. 1999) (citing United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995)).

AFFIRMED. The motion to withdraw as attorney of record filed by Mr. Solomon's counsel is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge